**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 22-cv-01011-REB-NRN

ZAYO GROUP, LLC, a Delaware Limited Liability Company,

     Plaintiff,

v.

GENESIS ADAPTIVE HOSTING, INC., an Illinois corporation,

     Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

---

**Blackburn, J.**

     The matter before me is **Plaintiff's Motion for Entry of Default Judgment** [#13],[1] filed October 3, 2022.  I grant the motion.

     I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).  Plaintiff duly served the corporate defendant, Genesis Adaptive Hosting, Inc., in accordance with Fed. R. Civ. P. 4(h)(1)(B), on September on June 21, 2022. (**See Affidavit of Service** [#6], filed June 27, 2022.)  Defendant failed to answer or otherwise respond within the time permitted by law, and thus has admitted the factual allegations of the complaint other than those relating to damages.  **See FED. R. CIV. P**. 8(d); **see also Burlington Northern Railroad Co. v. Huddleston**, 94 F.3d 1413, 1415 (10th Cir. 1996).  The clerk entered default against defendant pursuant to Fed. R. Civ. P. 55(a) on July 21, 2022 [#8].  Plaintiff therefore is entitled to default judgment against defendant pursuant to Fed. R. Civ. P. 55(b).

---

[1]  "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

Plaintiff asserted claims for violation of breach of contract, unjust enrichment, and a claim for account stated.  The allegations of the complaint ([#1], filed April 26, 2022) are sufficient to establish the elements of at least breach of contract.  **See Western Distributing Co. v. Diodosio**, 841 P.2d 1053, 1058 (Colo. 1992).[2]  Plaintiff therefore is entitled to damages to restore it to the position it would have held in the absence of the breach.  **Technics, LLC v. Acoustic Marketing Research Inc.**, 179 P.3d 123, 126 (Colo. App. 2007), **aff'd**, 198 P.3d 96 (Colo. 2008).

Plaintiff has presented evidence showing amounts invoiced to defendant under the terms of the parties' services agreement, including applicable interest, late fees, and taxes, as well as amounts defendant paid.  (**Motion App.**, Exh. 2.A.)[3]  The amount of damages therefore qualifies as a liquidated debt, **see Portercare Adventist Health System v. Lego**, 286 P.3d 525, 528 (Colo. 2012) ("[A]  'liquidated debt' may be ascertained either by reference to the agreement, or by simple computation using extrinsic evidence if necessary."), as to which no hearing is required, **see Venable v.**

---

[2]  Under Colorado law, "[a] party generally cannot recover for unjust enrichment [] where there is an express contract addressing the subject of the alleged obligation to pay."  **Pulte Home Corp. v. Countryside Community Association, Inc**., 382 P.3d 821, 833 (Colo. App. 2016).  **See also Interbank Invs., LLC v. Eagle River Water & Sanitation District**, 77 P.3d 814, 816 (Colo. App. 2003) ("[A] party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract.").  Because plaintiff may recover for breach of the parties' express contract, its equitable claim for unjust enrichment is not viable.

To recover on its claim for account stated, plaintiff must establish, *inter alia*, "an agreement between plaintiff and defendant that the account is correct and that the agreed amount is due from defendant to plaintiff."  **Rhode, Titchenal, Baumann & Scripter v. Shattuck**, 619 P.2d 507, 508 (Colo. App. 1980) (citing **Mace v. Spaulding**, 130 P.2d 89 (Colo. 1942)).  Plaintiff offers neither argument nor evidence suggesting defendant's failure to object to the amounts billed satisfies this element.

[3]  Although the exhibit includes entries for invoices billed outside the six-year statute of limitations applicable to actions on a liquidated debt, **see** §13-80-103.5. C.R.S., it appears the amounts defendant paid prior to May 1, 2016, more than account for the amounts billed (including late fees) during that time period.

*Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).  The evidence adequately establishes the amount due and owing on the contract is $793,338.07, and plaintiff is entitled to this amount as damages for breach of contract.[4]

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Plaintiff's Motion for Entry of Default Judgment** [#13], filed October 3, 2022, is granted;

2.  That default judgment shall enter on behalf of plaintiff, Zayo Group, LLC, and against defendant, Genesis Adaptive Hosting, Inc., as to plaintiff's claim for breach of contract;

3.  That plaintiff is awarded compensatory damages in the amount of $793,338.07; and

4.  That plaintiff is awarded its costs, to be taxed by the clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated October 28, 2022, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[4]  Generally, a successful plaintiff in a breach of contract action is entitled to an award of prejudgment interest under Colorado law.  *See* §§ 5-12-102(1) & 5-12-102(1)(b), C.R.S.; *Todd v. Bear Valley Village Apartments*, 980 P.2d 973, 981 (Colo. 1999).  *See also Yousuf v. Cohlmia*, 741 F.3d 31, 46 (10th Cir. 2014) ("In a diversity case, '[t]he issue of possible entitlement to prejudgment interest is governed by state law.'") (citation omitted, alteration in original).  Plaintiff here does not request prejudgment interest, presumably because it represents the amount of damages sought includes, *inter alia*, "all applicable interest." (**Motion App.**, Exh. 2 ¶ 16 at 3.)  I therefore find no further award of interest is indicated or required and/or that any entitlement to same has been waived.